# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:09-CV-73-RLV-DCK

| | |
|---|---|
| PAUL EDWARD BRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 7) and "Brief In Support Of Plaintiff's Motion For Summary Judgment" (Document No. 7-1), filed November 20, 2009; and "Defendant's Motion For Summary Judgment" (Document No. 8) and "Defendant's Memorandum In Support Of His Motion For Summary Judgment" (Document No. 8-1) filed January 15, 2010. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the motions are ripe for review.

After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that "Defendant's Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Plaintiff Paul Edward Bright ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). In 2004 and 2005, Plaintiff filed applications for a period of disability, disability insurance benefits

("DIB") under Title II of the Social Security Act, 42 U.S.C. § *et seq.,* alleging an inability to work due to a disabling condition beginning April 30, 2003, and supplemental security income. (Transcript of the Record of Proceedings ("Tr.") 18, 42, 44, 381-383). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application on December 17, 2004, and again after reconsideration on June 22, 2006. (Tr. 18, 47, 65). Plaintiff filed a timely written request for a hearing on or about July 10, 2006. (Tr. 68). On May 8, 2008, Plaintiff appeared and testified at a hearing before Administrative Law Judge D. Randall Frye ("ALJ"). (Tr. 399-423). Vocational expert Julie Sawyer-Little also testified at the hearing. (Tr. 32, 420-422). On July 24, 2008, the ALJ issued an unfavorable decision denying Plaintiff's claims. (Tr. 15-27).

Plaintiff filed a request for review of the ALJ's decision on September 23, 2008, which was denied by the Appeals Council. (Tr. 9). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request on April 23, 2009, and then again on July 28, 2009, after considering additional evidence. (Tr. 5-11).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on June 22, 2009. (Document No. 1). The pending motions are now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is

2

supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between April 30, 2003, and the date of his decision.[1] To establish entitlement to benefits, Plaintiff has the burden of proving that he was

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) quoting 42 U.S.C. § 423(d)(1)(A).

3

disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On July 24, 2008, the ALJ found that Plaintiff was not "disabled" at any time between April 30, 2003, and the date of his decision. (Tr. 18). The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that the Plaintiff was <u>not</u> disabled.

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity after his alleged disability onset date. (Tr. 20). At the second step, the ALJ found that Plaintiff's lumbar degenerative disc disease, anxiety, and depressive disorder, were severe

4

impairments. (Tr. 20).[2] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 21).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work, with the following limitations:

> lift/carry 20 pounds occasionally and 10 pounds frequently; sit, stand, or walk for 15 minutes; occasional bending and stooping; should not climb or work around hazards, and should be allowed to alternate between sitting and standing as needed; and low stress simple, routine, repetitive tasks.

(Tr. 22-24). In making his finding, the ALJ considered the medical evidence of record and Plaintiff's testimony. (Tr. 24). The ALJ opined that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." (Tr. 24).

At the fourth step, the ALJ found that Plaintiff could not perform his past relevant work as a service manager, auto mechanic, and brake repairer. (Tr. 25). At the fifth and final step, the ALJ concluded based on the testimony of a vocational expert and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 25-26). Specifically, the

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

vocational expert testified that according to the factors given by the ALJ, occupations claimant could perform included representative occupations such as cashier II, with 2000 jobs in the North Carolina economy; office helper, with 3000 jobs in the North Carolina economy; and photocopying machine operator, with 2000 jobs in the North Carolina economy. (Tr. 26). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between April 30, 2003, and the date of his decision, July 24, 2008. (Tr. 26).

Plaintiff on appeal to this Court does not make any assignment of error; rather, Plaintiff contends that the ALJ's unfavorable decision should be reversed and/or remanded on the basis of new and material evidence. (Document No. 7-1). The alleged new and material evidence involves evaluation and treatment received by Plaintiff between February and June, 2009, approximately seven (7) months, and more, after the ALJ's decision that Plaintiff was not disabled through July 24, 2008. (Document No. 7-1). Plaintiff's motion fails to explain, and the exhibits do not reveal, how the "new and material evidence" would have led the ALJ to reach a different decision regarding Plaintiff's condition through July 2008. Moreover, it appears that the Appeals Council considered this argument and some additional evidence, but on July 28, 2009 again found no reason to review the Administrative Law Judge's decision. (Tr. 5-8, 386).

Defendant principally contends that the new evidence presented does not satisfy the prerequisites for remand and that Plaintiff cannot demonstrate good cause for failing to present the evidence to the Commissioner in the first instance. (Document No. 8-1, p.5). Defendant notes that all of the documents attached to Plaintiff's motion, except one, predate the Appeals Council decision by at least twenty days, and thus should have been submitted to the Appeals Council.

## IV. CONCLUSION

Based on the foregoing, the undersigned does not find that Plaintiff has persuasively argued, or supported with relevant authority, his contention that the ALJ's decision should be reversed, or that this matter should be remanded. Instead, the undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 7) be **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 8) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page

v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Richard L. Voorhees.

**IT IS SO RECOMMENDED**.

Signed: January 31, 2011

David C. Keesler
United States Magistrate Judge