IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO.: 5:09-CV-73-RLV-DCK

| | |
|---|---|
| PAUL E. BRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 7), filed November 20, 2009, and Defendant Commissioner's Motion for Summary Judgment (Doc. 8), filed January 15, 2010.

Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge David C. Keesler was designated to consider and recommend disposition of the aforesaid motions. In a Memorandum and Recommendation Opinion ("M & R"), filed January 31, 2011, the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the Commissioner's decision be affirmed. Plaintiff, through counsel, filed a timely Objection to the Magistrate Judge's Memorandum and Recommendation on February 17, 2011 (Doc. 10), and Defendant filed a Reply to Plaintiff's objections on February 18, 2011 (Doc. 12). These motions are considered herein.

**I. INTRODUCTION**

The Court adopts the uncontested procedural history as set forth on pages one and two of Magistrate Judge Keesler's M & R.

1

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court shall make a de novo determination of those portions of a magistrate judge's report or specific proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court's review of the Commissioner's final decision is limited to the following two issues: whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). So long as a reasonable mind might accept as adequate the evidence in support of the Commissioner's decision, the Court should not reweigh the evidence or substitute its judgment for that of the Commissioner. *Hays*, 907 F.2d at 1456 (4th Cir. 1990); *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## III. DISCUSSION

Plaintiff contends that the Administrative Law Judge's ("ALJ's") unfavorable decision should be remanded to the Commissioner on the basis of "new and material evidence," namely evaluations and treatment received between February and June of 2009—well after the ALJ's decision dated July 24, 2008. (Doc. 7-1; Tr. 15.) Plaintiff accordingly objects to the Magistrate Judge's M & R, contending that this additional evidence would have resulted in a favorable decision by the ALJ, and asks that the case be reversed or remanded to the Commissioner. (Doc. 7.)

The four requirements for remand on the basis of new and material evidence are listed in *Borders v. Heckler*, 777 F.2d 954 (4th Cir. 1985). First, "the evidence must be relevant to the determination of disability at the time the application was first filed . . . ." *Id.* at 955. This

2

evidence must not be merely cumulative or duplicative. *Wilkins v. Sec'y of Health and Human Servs.*, 925 F.2d 769, 774, *rev'd on other grounds*, 953 F.2d 93, 96 (4th Cir. 1991). Second, the evidence must be "material" in that, had it been available at the time the Commissioner decided, the decision may reasonably have been different. *Borders*, 777 F.2d at 955. Third, there must be good cause for failure to submit the evidence before the Commissioner's decision. *Id.* Finally, there must be at least a general showing of the evidence. *Id.* Ultimately, Plaintiff bears the burden of demonstrating that the agency action should be vacated. *See Shinseki v. Sanders*, 129 S. Ct. 1696, 1706 (2009) (citing *Nelson v. Apfel*, 131 F.3d 1228, 1236 (7th Cir. 1997) (declining to remand in a social security case where the appellant failed to show that error in the administrative proceeding was harmful)). Here, the Government, with whom the Magistrate Judge is in agreement, claims that Plaintiff's new evidence is not material. (Doc. 8-1 at 5; Doc. 9 at 6.)

Plaintiff's objection to the M & R centers on a determination of residual functional capacity. Plaintiff proffers the results of a lumbar-spine MRI and other examinations, summarily claiming that their results would have caused the Commissioner to render a favorable decision. However, Plaintiff does not expound on these diagnoses to show "*how* and to what extent [his] abilities, activities and development are curtailed" beyond the ALJ's determination and thus contributes little to developing a fuller understanding of his limitations. *Dargan ex rel. Dargan v. Chater*, No. 94-2029, 1995 WL 280837, at *2 (4th Cir. May 11, 1995) (unpublished table decision). Furthermore, the ALJ found the claimant to have lumbar degenerative disc disease, which, in addition to various other maladies, causes "significant limitation in the claimant's ability to perform basic work activities." (Tr. 20.) The MRI, then, is largely cumulative of the evidence considered by the ALJ, merely adding a degree of specificity in labeling the cause of

Plaintiff's back pain.

## IV. CONCLUSION

The final decision of the Commissioner conforms with applicable law and is supported by substantial evidence. **IT IS, THEREFORE, ORDERED** that the M & R of the Magistrate Judge (Doc. 9) be **ADOPTED** and the Commissioner's decision **AFFIRMED**. Plaintiff's Motion for Summary Judgment (Doc. 7) is **DENIED**, and Defendant's Motion for Summary Judgment (Doc. 8) is **GRANTED**.

Signed: September 30, 2011

Richard L. Voorhees
United States District Judge